**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division**

**CASE NO.**

| | |
|---|---|
| ENRIQUE MADRINAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RAMCO-GERSHENSON PROPERTIES, | ) |
| LP and FULL CIRCLE PARTNERS, INC. | ) |
| d/b/a TIJUANA TAXI CO., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**<u>COMPLAINT</u>**

Plaintiff ENRIQUE MADRINAN ("**Plaintiff**"), pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a ("**ADA**"), the American with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 ("**ADAAG**"), Florida Americans with Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction sections 553.501–553.513, Florida Statutes, including the Florida Building Code Chapter 11 ("**FAC**"), hereby sues Defendants RAMCO-GERSHENSON PROPERTIES, LP ("**Defendant Ramco-Gershenson**") and FULL CIRCLE PARTNERS, INC. d/b/a TIJUANA TAXI CO. ("**Defendant Tijuana Taxi**") (collectively "**Defendants**") for injunctive relief and states:

**JURISDICTION AND VENUE**

1.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

– 1 –

FEDERAL LEGAL ADVOCATES
ATTORNEYS AT LAW

2. This Court also has supplemental jurisdiction over all State law claims pursuant to 28 U.S.C. § 1367(a) for Plaintiff's claims under the FAC.

3. Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Southern District of Florida.

**PARTIES**

4. Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of the State of Florida.

5. Plaintiff is a qualified individual under the ADA and the FAC because he is a disabled individual who has a physical impairment that substantially limits one or more major life activities.

6. Specifically, Plaintiff has a physical impairment that requires him to use a wheelchair to ambulate.

7. Defendant Ramco-Gershenson is a Foreign Limited Partnership authorized to, and doing business in Broward County, Florida.

8. Defendant Ramco-Gershenson is the owner, lessor, or operator of real property (and the improvements made thereon) and related facilities located at 1015 S. Federal Highway, Deerfield Beach, Florida 33441, ID No. 4843 07 53 0010 (the "**Subject Premises**" or "**Facility**").

9. Defendant Tijuana Taxi is a Florida Profit Corporation with its main place of business in Broward County, Florida.

10. Defendant Tijuana Taxi is the owner, lessee or operator of the restaurant located on the Subject Premises.

## GENERAL ALLEGATIONS

11.     The Subject Premises is a place of public accommodation under the ADA and ADAAG because it is a restaurant.

12.     As a place of public accommodation, Defendants were required to remove from the Subject Premises and related facilities architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

13.     Upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG and is therefore subject to the standards promulgated in 28 C.F.R. § 36.406 of the ADAAG.

14.     Accordingly, Defendants were required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

15.     Plaintiff has knowledge that the Subject Premises is in violation of the ADA and FAC and intentionally discriminating against individuals with disabilities.

16.     On or about April 29, 2017, Plaintiff visited the Subject Premises to conduct business- i.e. to purchase food and drinks- and encountered architectural barriers to access the Subject Premises.

17.     Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendants; however, he was subjected to discrimination by Defendants on the basis of his disability due to Defendants' ADA and FAC violations.

18.     Plaintiff was not able to access the main bar area or restroom designated accessible stall.

19.     The common design modules and schemes approved and used by Defendants contain counters far above the height permitted by the ADA and inaccessible to Plaintiff and other individuals who require a wheelchair to ambulate

20.     Defendants engage in a deliberate practice and pattern of isolating individuals with disabilities because the known barrier compound and perpetuate the sense of isolation and discrimination.

21.     Plaintiff intends to return to the Subject Premises once the barriers violating the ADA and the FAC are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Subject Premises.

22.     Plaintiff will be denied full access to the Subject Premises, as provided by the ADA and the FAC, unless the injunctive relief requested herein is granted.

23.     Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA and the FAC by Defendants if said violations are not corrected and made compliant.

24.     Plaintiff is also a tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

25.     Plaintiff intends to visit the Subject Premises again, not only to purchase food and drinks, but to assure himself that the Subject Premises is in compliance with the ADA and the FAC thus ensuring that individuals with disabilities, including himself, will have full and equal enjoyment of the property without fear of discrimination.

FEDERAL LEGAL ADVOCATES
ATTORNEYS AT LAW

26.    Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendants' violation of and non-compliance with the ADA and the FAC because he intends on returning to the Subject Premises in the near future.

27.    Defendants have discriminated and continue to discriminate against Plaintiff by denying him access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

28.    Defendants are in violation of the ADA, ADAAG, and FAC and are discriminating against Plaintiff as a result of the following violations:

**DEFENDANT RAMCO-GERSHENSON**
**and DEFENDANT TIJUANA TAXI**

**Main Bar Area**

a.    There are insufficient permanent accessible seating spaces at the main Bar.
b.    There is no lowered accessible counter at the main bar.
c.    There are no accessible tables near the main bar.
d.    There are no accessible tables within the indoor dining area except for one at the far end of the dining room and away from the primary circulation route.
e.    There is no accessible booth available although the facility offers a number of booths for the able-bodied.
f.    There are insufficient accessible standing and seating spaces in relation to the total number of standing and seating spaces at the restaurant.

**Restroom Designated Accessible Stall**

g.    There is no rear grab bar at the commode.
h.    The stall door is not self-closing.
i.    There is an apparent pattern and practice of placing items, such as a trash can, within the required clear floor space at the head of the commode located within the designated accessible stall.
j.    The paper towel dispenser is not located to be accessible.

k. The lavatory does not provide insulation to the pipes underneath.
l. The lavatory encroaches into the required clear floor space at the commode such that it presents a barrier to a safe transfer from a wheelchair onto the commode

29.     The discriminatory violations described herein may not be an exclusive list of Defendants' ADA and FAC violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA and FAC violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

30.     By encountering the discriminatory conditions at Defendants' Facility, and knowing that it would be a futile gesture to return to the restaurant unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the restaurant and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

31.     By maintaining a place of public accommodation with ADA violations, Defendants deprive Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

32.     Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 12205.

33.     Plaintiff demands a non-jury trial on all issues to be tried herein.

### COUNT I—CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendants for ADA Violations)

34.     Plaintiff re-avers and incorporates paragraphs 1–33 as if fully set forth herein.

FEDERAL LEGAL ADVOCATES
ATTORNEYS AT LAW

35.     This action arises pursuant to the ADA.

36.     Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendants because of the Subject Premises' existing ADA violations.

37.     Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

38.     Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

39.     By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

40.     Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff ENRIQUE MADRINAN respectfully requests this Court issue a permanent injunction enjoining Defendants RAMCO-GERSHENSON PROPERTIES, LP and FULL CIRCLE PARTNERS, INC. d/b/a TIJUANA TAXI CO. from continuing their discriminatory practices, ordering Defendants to alter the Subject Premises as appropriate to

– 7 –

comply with the ADA and ADAAG, ordering Defendants to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

## COUNT II—CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendants for FAC Violations)

41.     Plaintiff re-avers and incorporates paragraphs 1–33 as if fully set forth herein.

42.     This is an action for injunctive relief pursuant to FAC.

43.     Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendants because of the Subject Premises' existing FAC violations.

44.     Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the FAC.

45.     Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

46.     By continuing to operate the Subject Premises with discriminatory conditions in violation of the FAC, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

47.     Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to

– 8 –

FEDERAL LEGAL ADVOCATES
ATTORNEYS AT LAW

the extent required by the FAC, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff ENRIQUE MADRINAN respectfully requests this Court issue a permanent injunction enjoining Defendants RAMCO-GERSHENSON PROPERTIES, LP and FULL CIRCLE PARTNERS, INC. d/b/a TIJUANA TAXI CO. from continuing their discriminatory practices, ordering Defendants to alter the Subject Premises as appropriate to comply with the FAC, ordering Defendants to maintain accessible features at the premises, awarding the reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated: February 15, 2018.

Respectfully submitted,

By:   s/ William T. Leveille, II
William T. Leveille II, Esq.
Florida Bar No. 1003883
Michael D. Christine, Esq.
Florida Bar No. 1003853
**FEDERAL LEGAL ADVOCATES, LLC.**
*Attorneys for Plaintiff*
4300 Biscayne Boulevard, Suite 305
Miami, Florida 33137
Telephone:    (305) 717-7530
Facsimile:    (305) 717-7539
E-mail:wleveille@fed-legal.com
Email: mchristine@jltrial.com
Email: wleveille@jltrial.com

WTL/MDC/lp
0003.026

– 9 –
FEDERAL LEGAL ADVOCATES
ATTORNEYS AT LAW